Inés Santos Torréns, Appellant, v. Registrar of Property of Caguas, Respondent.

No. 1163. Submitted April 3, 1945.—Decided April 10, 1945.

---

*Luis Mendín Sabat* for appellant. The registrar did not appear.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

María Amparo Solá Santos, while she was unmarried, a minor, and represented by her father Francisco Solá, acquired with her own funds an urban property in the town of Caguas. On a date not disclosed by the record, she sold said property to Inés Santos Torréns, appellant herein, for the sum of $1,500. The appellant entered into possession of the realty and the execution of the corresponding deed remained in abeyance.

María Amparo Solá died intestate on February 15, 1934, without executing a conveyance in favor of the appellant purchaser, and left as her only heirs her daughter Migdalia Aragoneses Solá and Manuel Aragoneses. The appellant then brought, in the District Court of Caguas, an action against the heirs of Amparo Solá Santos to compel them to execute said conveyance. Migdalia and Manuel Aragoneses and Francisco Solá, father of the vendor, were summoned and served with a copy of the complaint, in order to establish that the funds invested in the purchase of the realty belonged to the separate estate of the purchaser and not to the conjugal partnership. The defendants failed to appear and their default was noted. After the case was tried, the district court rendered judgment ordering "the Succession

of María Amparo Solá Santos, composed of her daughter Migdalia Aragoneses Solá and Manuel Aragoneses,'' to execute a deed of sale in favor of the plaintiff, Inés Santos Torréns.

On January 25, 1945, the marshal of the district court executed a conveyance in favor of the appellant, as the defendants refused to do so. Upon the deed being presented for record, the registrar refused to record it on the following grounds:

"Because it appears that the proceedings in this case were prosecuted against the Succession of María Amparo Solá without it having been established that Migdalia Aragoneses Solá and Manuel Aragoneses were the only heirs composing said succession."

The appellant urges that the decision of the registrar is erroneous ''because the second paragraph of § 18 of the Mortgage Law does not empower the registrar to pass upon the grounds of judicial decisions, that is, on the justice or injustice thereof, nor does it empower him to determine the sufficiency or insufficiency of the evidence introduced in judicial proceedings.''

The appellant is right. In the complaint filed in the action to compel the execution of the deed it was specifically alleged that Amparo Solá died intestate ''leaving as her only heirs, her daughter Migdalia Aragoneses and Manuel Aragoneses.'' In the judgment which is copied in the deed executed by the marshal, it is stated that documentary and oral evidence was introduced at the trial and that ''in the opinion of the court, all the particulars of the complaint have been proved.''

It having been declared by the district court, in the exercise of the powers conferred on it by law, that it had been proved to its satisfaction that the Succession of María Amparo Solá Santos was composed of her daughter Migdalia and Manuel Aragoneses, it was not incumbent on the registrar to determine whether or not the evidence submitted

to the trial court was sufficient to justify the findings on which the judgment was based. *Cancel* v. *Registrar of San Juan*, 28 P.R.R. 862; *Taboada* v. *Registrar of Guayama*, 26 P.R.R. 600; *Medina* v. *Registrar of Property*, 19 P.R.R. 964; *Rivera* v. *Registrar*, 14 P.R.R. 249; *Banco Comercial of P. R.* v. *Registrar of San Juan*, 24 P.R.R. 664.

The decision appealed from should be reversed, and the recording sought effected by the registrar.